E. & J. Northman, etc., vs. Insurance Companies.

October Term, 1873.

Appeal—Discretion of Judge.—The discretion given a judge, by the Code, § 3157, to allow an appeal on overruling a demurrer, is not an arbitrary discretion, but a discretion regulated by a sound exercise of judgment according to settled principles.

Same, same.—An appeal in such case ought not to be allowed, where no part of the causes of demurrer assigned goes to the whole bill; where the matters of demurrer to the bill as original are not to the merits, and the matters of demurrer to the bill as supplemental are of no consequence if sustained.

R. McP. Smith, for complainants.
Ed. Baxter, for defendants.

The Chancellor:—The defendants have prayed an appeal from the decree overruling their demurrer, and the application is resisted upon the ground that to grant it would not be a proper exercise of the discretion of the Chancellor under § 3157 of the Code. That section is:—" The Chancellor, or circuit judge may, in his discretion, allow an appeal

from his decree in equity causes determining the principles involved, and ordering an account, or sale, or partition, before the account is taken, or the sale, or partition, is made; or he may allow such appeal on overruling a demurrer."

The settled rule of chancery is, that, where any matter is said to be in the discretion of the court, it does not mean an arbitrary discretion depending on mere whim or caprice, but a sound exercise of judgment according to settled principles, and within well defined bounds. And, if this were not the established rule, in all cases of discretion, it would require to be adopted in acting upon the particular provisions under consideration. For, otherwise, demurrers would be resorted to merely for delay, and litigation would be unreasonably protracted by a provision intended only to further the ends of justice.

It may, of course, be considered as too clear for discussion that no appeal should be allowed from a decree overruling a demurrer to matters of form or any matter not involving the substantial rights of parties. The matters of demurrer should go to the whole bill, or the most material part of it, and to the merits. And even then, the court should be satisfied that they have a sufficient basis in law to render the correctness of its ruling doubtful. There would be no exercise of sound discretion, if the appeal were always granted merely because the demurrer purported to go to the merits. Nor, on the other hand, if the Chancellor considered that a demurrer had no merits merely because he had overruled it. There may be difficulty sometimes in judiciously exercising the discretion conferred, but not more perhaps than in other instances entrusted to the like discretion of the judge.

No one of the grounds of demurrer relied on in this case goes to the whole bill. They are professedly directed to parts of the bill only, one set to the supplemental, the other to the original part thereof. An appeal in such case should meet with less favor, for the chance of reversing the entire ruling is thereby rendered more doubtful, and if not reversed *in toto*, the bill would be remanded, after great delay, for further proceedings on the part retained

The matters of the demurrer to the bill as original do not go to the merits of the controversy, but to the jurisdiction of the court. The doubt ought to be strong indeed of the correctness of his ruling, before the Chancellor should allow an appeal on that character of demurrer. The reversal of the decree on the demurrer to the bill as supplemental, would amount to little, if the bill should be retained as original. The benefit of the injunction is about all that the assignee gains by coming into court in the form adopted. A decision the one way or the other would, it seems to me, not affect the merits of the controversy one particle.

In view, therefore, of the fact that no part of the causes of demurrer assigned goes to the whole bill; of the further fact that the matters of demurrer to the bill as original do not go to the merits, and the further fact that the matters of demurrer to the bill as supplemental are of no consequence if sustained, I am of opinion that it would not be a sound exercise of discretion to allow the appeal prayed.

I am also of opinion that the argument in favor of the demurrer is hardly such as to throw any serious doubt over the correctness of the decision sought to be appealed from.

The application for an appeal must be refused.